**MILLER BARONDESS** LLP
BEN HERBERT, CA#277356
bherbert@millerbarondess.com
2121 Avenue of the Stars, 26th Floor
Los Angeles, CA 90067
Telephone: 310.552.4400

**LEWIS BRISBOIS BISGAARD & SMITH** LLP
LAWRENCE R. LAPORTE, CA#130003
lawrence.laporte@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Plaintiff
HYPER ICE, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| HYPER ICE, INC., a California corporation,<br><br>        Plaintiff,<br><br>    vs.<br><br>MERCHSOURCE, LLC, dba SHARPER IMAGE,<br><br>        Defendant. | CASE NO.<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Trial Date:    None Set |

1.     Plaintiff Hyper Ice, Inc. ("Plaintiff" or "Hyperice") alleges as follows for this Complaint for Patent Infringement ("Complaint") against defendant MerchSource, LLC, dba Sharper Image. ("Defendant" or "Sharper Image"):

## THE PARTIES

2.     Hyperice is a California corporation with its principal place of business at 525 Technology Drive, Suite 100, Irvine, California 92618.

3.     Hyperice is informed and believes, and based thereon alleges, that Defendant is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 7755 Irvine Center Drive, Suite 100, Irvine, CA 92618.

4.     On information and belief, either itself or through its subsidiaries, parents, or other related companies, Defendant sells infringing products, via Amazon.com and various retail stores, to consumers in this District, throughout the State of California, and throughout the United States.

## JURISDICTION AND VENUE

5.     This is an action for patent infringement under 35 U.S.C. §§ 271 *et seq*. brought by Hyperice against Defendant for Defendant's infringement of U.S. Patent No. 12,036,174 ("the '174 Patent").

6.     This Court has subject matter jurisdiction over Hyperice's claims asserted herein pursuant to 28 U.S.C. §§ 1331 and 1338(a) because those claims arise under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*.

7.     This Court has personal jurisdiction over Defendant by virtue of, *inter alia*, Defendant's conduct of business in this District; its purposeful availment of the rights and benefits of California law; and its substantial, continuous, and systematic contacts with the State of California and this District. On information and belief, Defendant: (1) intentionally markets and sells its infringing products to residents of this State; (2) enjoys substantial income from this State; and (3) maintains its principal place of business in this State.

8.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(b) because Defendant has committed acts of infringement in this District and has a regular and established place of business in this District.

## GENERAL ALLEGATIONS

9.    The '174 Patent is entitled "Communication devices, methods, and systems" and issued on July 16, 2024, claiming priority to Application No. 18/526,980, filed on December 1, 2023, and to, *inter alia*, Provisional Application No. 62/575,951, filed on October 23, 2017.  A true and correct copy of the '174 Patent is attached hereto as Exhibit 1.

10.    Matthew Robert Leaper is the named inventor of the inventions disclosed in the '174 Patent.  DataFeel Inc. is the assignee of the '174 Patent, and Hyper Ice, Inc. is an exclusive licensee that has been granted the express, irrevocable right to, *inter alia*, sublicense, enforce, and defend the '174 Patent.

11.    This action arises out of Defendant's direct infringement of the '174 Patent.

12.    Defendant offers for sale and/or sells products that infringe the '174 Patent, including but not limited to the Powerboost Pro+ Hot & Cold percussion massager.  A claim chart for this product is attached hereto as Exhibit 2.

## COUNT 1 – PATENT INFRINGEMENT

13.    Hyperice incorporates by reference the allegations in Paragraphs 1-12 above.

14.    Defendant has infringed and continues to infringe the '174 Patent under the Patent Laws of the United States, 35 U.S.C §§ 271 *et seq*. Defendant offers for sale and/or sells the infringing products at issue in this case.

15.    Defendant infringes at least Claim 17 of the '174 Patent.  Therabody's infringing products are battery-powered devices that include the following claim limitations.  Hyperice believes that the infringing products literally meet the following

1    claim limitations.  If any of the limitations are not literally met, the infringing products
2    meet the limitations under the doctrine of equivalents, because they perform the same
3    function in substantially the same way to achieve substantially the same result, and/or
4    because the relevant structures and functions of the infringing products are
5    insubstantially different from the claimed limitation:

6        16.    A treatment device, comprising:

7            a.    a body provided with a power source and a processing unit
8                configured to receive input data and generate a control signal
9                based on the input data, the body including a skin contacting
10               surface maintainable against skin of a user by a force applied by
11               a hand of the user when gripping the body; and

12           b.    a first energy generator element and a second energy generator
13               element coupled to the body, the first and second energy
14               generator elements being independently operable to convert
15               electricity from the power source into a first energy type and a
16               second energy type, respectively, and direct the first and second
17               energy types toward an area of skin, the first energy generator
18               element including an impact generator element having a tissue
19               contact surface that is linearly actuatable along an axis to contact
20               and cause corresponding physical movement of the area of skin;

21           c.    wherein the processing unit is operable to output an optical
22               signal on a display that is observable by eyes of the user, the
23               output corresponding to the control signal.

24       17.    Defendant's infringement of the '174 Patent has caused, and will
25   continue to cause, significant damage to Hyperice.  As a result, Hyperice is entitled
26   to an award of damages adequate to compensate it for the infringement in an amount
27   that is in no event less than a reasonable royalty pursuant to 35 U.S.C. §284.  Hyperice
28   is also entitled to recover prejudgment interest, post-judgment interest, and costs.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Hyperice prays for the following relief:

1.     That this Court enter judgment of infringement of the '174 Patent in favor of Hyperice and against Defendant;

2.     That this Court award Hyperice compensatory damages for infringement of the '174 Patent, as well as interest thereon;

3.     That this Court award Hyperice its costs of suit;

4.     That this Court award Hyperice increased damages in an amount not less than three times the damages assessed for Defendant's infringement of the '174 Patent, in accordance with 35 U.S.C. §284.

5.     That this Court declare this an exceptional case under 35 U.S.C. §285 and award Hyperice its attorneys' fees and any other costs incurred in connection with this action;

6.     That this Court award Hyperice prejudgment and post-judgment interest; and

7.     That this Court grant such further relief as the Court deems just and proper.

DATED: September 19, 2024

**MILLER BARONDESS LLP**

By:  _/s/ Ben Herbert_
     BEN HERBERT, CA#277356
     bherbert@millerbarondess.com
     2121 Avenue of the Stars, 26th Floor
     Los Angeles, CA 90067
     Telephone: 310.552.4400

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
     LAWRENCE R. LAPORTE, CA#130003
     lawrence.laporte@lewisbrisbois.com
     633 West 5th Street, Suite 4000
     Los Angeles, California 90071
     Telephone: 213.250.1800
     Facsimile: 213.250.7900

     Attorneys for Plaintiff
     HYPER ICE, INC.

COMPLAINT FOR PATENT INFRINGEMENT

# DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff HYPER ICE, INC. hereby demands a trial by jury of all issues triable by jury.

DATED: September 19, 2024          **MILLER BARONDESS LLP**

By:  _/s/ Ben Herbert_
        BEN HERBERT, CA#277356
        bherbert@millerbarondess.com
        2121 Avenue of the Stars, 26th Floor
        Los Angeles, CA 90067
        Telephone: 310.552.4400

        **LEWIS BRISBOIS BISGAARD & SMITH LLP**
        LAWRENCE R. LAPORTE, CA#130003
        lawrence.laporte@lewisbrisbois.com
        633 West 5th Street, Suite 4000
        Los Angeles, California 90071
        Telephone: 213.250.1800
        Facsimile: 213.250.7900

        Attorneys for Plaintiff
        HYPER ICE, INC.

COMPLAINT FOR PATENT INFRINGEMENT